UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY, JR., | No. C 10-1107 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JEREMY FRIEDLANDER,<br>Deputy California Attorney General, | |
| Defendant. | |

## INTRODUCTION

Edward V. Ray, Jr., a California prisoner currently housed at an out-of-state correctional institution in Tutwiler, Mississippi, filed a pro se civil complaint. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Ray alleges that the deputy Attorney General who wrote the respondent's brief in his criminal appeal misstated the evidence. This allegedly violated Ray's Fourteenth Amendment right to due process and amounted to felony falsification of evidence. In the brief he wrote for the California Court of Appeal, defendant "did 'willfully' change testimony in order to get the Court of Appeal to uphold an illegal sentence." Complaint, p. 3.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff commenced this action by filing a document captioned as a "Criminal Complaint Under 18 U.S.C.S. §§ 241 and 242." The sections he cites do not provide for a private right of action. See Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968). As a private citizen, Ray has no authority to criminally prosecute anyone. The complaint is legally frivolous insofar as it attempts to initiate a criminal prosecution of the defendant. The way a private citizen plaintiff pursues a claim for a violation of his civil rights is through a civil rights complaint under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Construing the complaint to be a civil rights complaint under § 1983 does not help plaintiff under the circumstances.

A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Al-Kidd v. Ashcroft, 580 F.3d 949, 958 (9th Cir. 2009). Writing the appellate brief on behalf of the State of California in a criminal case is a prosecutorial function squarely within the conduct for which a prosecutor enjoys absolute immunity. The complaint must be

1  dismissed because it is legally meritless.

2  Even if the defendant did not have absolute prosecutorial immunity, the action would be barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994) insofar as plaintiff seeks damages against the defendant. That rule – explained in more detail in the Order of Dismissal in Ray v. Farrell, C 10-823 SI – generally precludes a prisoner-plaintiff from obtaining damages in a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place. Plaintiff's claim that the defendant wrote an appellate brief on behalf of the People of the State of California seeking to have plaintiff's criminal conviction upheld that falsified evidence would, if it succeeded, squarely call into question the validity of plaintiff's conviction. Normally, Heck would bar the damages claim until the conviction is set aside and the court would dismiss the action without prejudice to filing a new action if the conviction is ever set aside. Here, however, the defendant's prosecutorial immunity will always remain a bar to an action for damages for the alleged conduct, so the dismissal will be with prejudice.

A petition for writ of habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Ray has filed a petition for writ of habeas corpus that is now pending, see Ray v. Cate, No. C 10-1582 SI.

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 1, 2010

_____
SUSAN ILLSTON
United States District Judge

3